IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **HARBORONE MORTGAGE, LLC,** § | |
|      Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | |
| **GREGORY JENKINS, ASHLEY N.** § | **1:25-cv-00127** |
| **JENKINS, AND UNITED STATES OF** § | |
| **AMERICA, ON BEHALF OF THE** § | |
| **SECRETARY OF HOUSING AND URBAN** § | |
| **DEVELOPMENT,** § | |
|      Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

HarborOne Mortgage, LLC complains of Defendants, Gregory Jenkins, Ashley N. Jenkins, and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.    PARTIES & JURISDICTION

1. HarborOne Mortgage, LLC ("HarborOne") is a limited liability company, and can be served in this matter through its counsel of record.

2. Defendant Gregory Jenkins, on information and belief, is a resident of Rockingham County, New Hampshire, residing at 14 Fletcher Road, Windham, New Hampshire 03087 and may be served at that address.

3. Defendant Ashley N. Jenkins, on information and belief, is a resident of Rockingham County, New Hampshire, residing at 14 Fletcher Road, Windham, New Hampshire 03087 and may be served at that address.

4. Defendant, United States of America on Behalf of the Secretary of Housing and Urban Development ("HUD"), may be served with process through the Associate General Counsel of Litigation at Office of Litigation, U.S. Department of Housing and Urban Development, 451

Seventh Street, S.W., Washington, D.C. 20410.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as HarborOne seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

6. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of New Hampshire or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of New Hampshire, has purposefully availed itself of the privilege of conducting activities within New Hampshire, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of New Hampshire, have purposefully availed themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the District of New Hampshire, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of

this action is situated.

## II.  BREACH OF CONTRACT

8. On August 23, 2022, Defendants Gregory Jenkins and Ashley N. Jenkins (hereinafter collectively referred to as "Borrowers") made, executed and delivered to HarborOne Mortgage, LLC a certain Promissory Note ("Note"), in writing, whereby Borrowers, in exchange for an extension of credit and/or funds advanced, promised to pay HarborOne or order, $633,317.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**.

9. On August 23, 2022, Gregory Jenkins and Ashley N. Jenkins executed a certain Mortgage ("Security Instrument"), to secure the Note with certain real property, to wit:

> LOT 25-R-816 AS SHOWN ON THAT PLAN OF LAND DEFINED AS "TOWN OF WINDHAM, NH OWNER: HENRY & THERESA TROMBLY & MARBLEHEAD LANDHOLDING, LLC, P.O. BOX 642, WINDHAM, NH 03087, SCALE 1" = 100', DATED: JUNE, 1999 SUBDIVISION PLAN, TAX MAP 25-R-LOTS 602, 630 AND 675. TITLE: "FLETCHER CORNER ESTATES" CONSISTING OF 30 SHEETS, EDWARD N. HERBERT ASSOC., INC. LAND SURVEYING/CIVIL ENGINEERING, 1 FROST ROAD, WINDHAM, NH 03087." RECORDED IN THE ROCKINGHAM COUNTY REGISTRY OF DEEDS AS PLAN NO. D-28411.

Said real property having a reported mailing address of 14 Fletcher Road, Windham, New Hampshire 03087 ("Property"). By executing the Security Instrument, the Borrowers granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**. HarborOne is the record assignee of the Security Instrument under a certain Assignment of Mortgage ("Assignment"). A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

10. The obligation evidenced by the Note and Security Instrument is also hereinafter

Case 1:25-cv-00127-AJ    Document 1    Filed 04/02/25    Page 4 of 6

referred to as the "Loan."

11.     The Loan was modified by virtue of a Loan Modification Agreement filed and recorded in the Register of Deeds of Rockingham County on July 13, 2023, as Instrument Number: 23020167. A true and correct copy of the Loan Modification Agreement is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.

12.     Borrowers, to HarborOne's detriment, have failed and refused to pay the amounts that have come due under the Loan, although repeated demands for payment have been made. HarborOne caused to be provided to Borrowers proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"). The true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**. Each occurrence of non-performance by the Borrowers under the Loan as herein described is a breach thereunder.

13.     Borrowers' continued breach under the Loan has directly and proximately caused damages to HarborOne in that amounts due to HarborOne remain unpaid, and in that HarborOne is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

14.     Borrowers have not cured the default described in the Notices of Default. Consequently, HarborOne has, and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. HarborOne's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $ 468,977.58 as of November 20, 2024.

15.     For consideration, the Borrowers promised to repay the Loan in installments.

Original Complaint                    [4]                    MLG No: 24-06407

Borrowers breached such promise to the detriment of HarborOne. Thus, and in accordance with New Hampshire RSA 479:22-25, HarborOne is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III. INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

16. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Mortgage filed and recorded on July 10, 2023, as Instrument Number: 23019834, in the Register of Deeds of Rockingham County, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. This interest is subordinate and inferior to HarborOne's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

### IV. CONDITIONS PRECEDENT

17. By virtue of filing this Complaint, HarborOne hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

18. Borrowers' failure to comply with this demand entitles HarborOne to seek foreclosure of the Property.

19. All conditions precedent to the relief requested herein by HarborOne have been performed or have occurred.

### V. ATTORNEYS' FEES

20. The Loan provides that in the event of foreclosure, and insofar as allowed by New Hampshire RSA 479:22-25, HarborOne may be awarded all expense incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances

made necessary or advisable or sustained by HarborOne because of the default or in order to protect its security interest. HarborOne has retained Marinosci Law Group, P.C., and agreed to pay reasonable attorneys' fees and costs incurred relative to this proceeding and to protect HarborOne's security interest in the Loan.

## **PRAYER**

WHEREFORE, HarborOne Mortgage, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to HarborOne for the Defendants', Gregory Jenkins and Ashley N. Jenkins, breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of HarborOne, and for all other relief Court deems appropriate.

DATE: April 2, 2025.

    Respectfully submitted,
    MARINOSCI LAW GROUP, P.C.

    */s/ Brian Kiser*
    Sammy Hooda / State Bar No. 275372
    275 W. Natick Road, Suite 500
    Warwick, RI 02886
    Phone: 401.234.9200
    Fax: 401.398.2594
    Email: bkiser@mlg-defaultlaw.com
    **ATTORNEYS FOR PLAINTIFF**
    **HARBORONE MORTGAGE, LLC**